United States District Court
Southern District of Texas
**ENTERED**
March 02, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD ERIC SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1120 |
| | § | |
| NANCY A. BERRYHILL, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Plaintiff's Motion for Summary Judgment (Doc. 9) and Defendant's Cross-Motion for Summary Judgment (Doc. 7). The court has considered the motions, the responses, the administrative record, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion be **GRANTED** and Defendant's motion be **DENIED**.

### I.  Case Background

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of an unfavorable decision by the Social Security Administration ("SSA") Commissioner ("Commissioner" or "Defendant") regarding Plaintiff's claim for disability insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 5, Ord. Dated July 17, 2017.

Plaintiff applied for disability insurance benefits on January 16, 2014, and for supplemental security income on August 21, 2014, alleging an inability to work since June 25, 2010, due to depression and obesity.[2] On May 1, 2014, the SSA found Plaintiff not disabled at the initial level of review.[3] On July 29, 2014, the SSA again found Plaintiff not disabled upon reconsideration.[4] Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on October 16, 2015.[5]

The ALJ issued a decision on November 18, 2015, finding Plaintiff's severe impairments to be obesity, anxiety, depression, and a factitious disorder[6] but deciding that Plaintiff was not disabled because he was able to perform his past work as a stocker, cleaner, and small products assembler.[7] In reaching this decision, the ALJ gave "great weight" to the report from a consultative examination by Ross Keiser, Ph.D., ("Dr. Keiser"), which the ALJ discussed at length.[8] In particular, the ALJ stated that Dr.

---

[2] See Doc. 3, Tr. of the Admin. Proceedings ("Tr.") 169-78, 197.

[3] See Tr. 65, 78.

[4] See Tr. 91, 104.

[5] See Tr. 38-64.

[6] See Tr. 16.  As defined by the ALJ, "[a] factitious disorder is a condition in which a person acts as if [he has] an illness by deliberately producing, feigning, or exaggerating symptoms." Tr. 18.

[7] See Tr. 14-28.

[8] See, e.g., Tr. 18, 20-21, 24-25 (citing to Exhibit 2F), 31 (identifying Ex. 2F as the consultative examination report of Dr. Keiser).

Keiser found the examinee's "presentation to be feigned[] because an individual would have to be institutionalized with the behavior endorsed by [Plaintiff]."[9]  The ALJ focused on Dr. Keiser's disbelief of the examinee's self-reports and examination results, as well as on the examinee's lack of cooperation during the interview.[10]  The ALJ also afforded "[g]reat weight" to the medical consultants who reviewed the record, including Dr. Keiser's report.

The ALJ contrasted Plaintiff's behavior at a later psychological evaluation from that of the examinee seen by Dr. Keiser, stating, "This time his attitude was cooperative."[11]  The ALJ also stated, "The claimant's presentation at the second consultative psychological examination appeared more polished than when interviewed by [Dr.] Keiser."[12]  The ALJ relied, at least in part, on Dr. Keiser's notes to the effect that the examinee engaged "severe symptom embellishment" and admitted "that he stopped getting treatment because he did not want to go any longer" in reaching the credibility determination that Plaintiff's "credibility was greatly compromised."[13]

---

[9]   Tr. 18.

[10]  See Tr. 20.

[11]  Tr. 21.

[12]  Id.

[13]  Tr. 24-25.

3

On December 3, 2015, Plaintiff appealed the ALJ's decision.[14] On January 20, 2017, the Appeals Council denied Plaintiff's request for review.[15] The Appeals Council's denial letter acknowledged that among the reasons a case may be reviewed is the Appeals Council's receipt of "new and material evidence and the decision is contrary to the weight of all the evidence . . . in the [resulting] record."[16] The denial did not indicate that the Appeals Council received or considered the correct report from Dr. Keiser.[17] The Appeals Council's denial transformed the ALJ's decision into the final decision of the Commissioner.[18] Plaintiff timely sought judicial review of the decision by this court.[19]

Dr. Keiser's report is no longer part of the record, having been replaced by pages that read, "Exhibit 2F Pages 2-7 [w]as replaced with this page because it referenced another claimant."[20] Dr. Keiser's evaluation of Plaintiff is not in the medical record; however, the record does indicate that the evaluation was authorized in June 2013 and that an appointment was scheduled in

---

[14]   See Tr. 10.

[15]   See Tr. 1-3.

[16]   Tr. 1.

[17]   See id. (listing Plaintiff's reasons for disagreeing with the decision as being all the Appeals Council considered).

[18]   See id.

[19]   See Tr. 2-3; Doc. 1, Pl.'s Orig. Compl.

[20]   Tr. 244-49.

July 2013.[21]

On summary judgment, Plaintiff argues that the ALJ's decision was not based on substantial evidence because he relied so significantly on another individual's psychological evaluation. In particular, Plaintiff argues, the ALJ focused on the diagnosis of factitious disorder, with which no medical professional ever labeled Plaintiff. Plaintiff also contends that the ALJ adopted that diagnosis over another evaluator's diagnosis of schizoaffective disorder, depressive type.[22] Despite the ALJ's heavy reliance on an incorrect medical record, Defendant argues that the remainder of the medical record provides substantial evidence in support of the ALJ's finding that Plaintiff was not disabled.

The widely accepted definition of "substantial evidence" is "that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). In applying this standard, the court is to review the entire record, but the court may not reweigh the evidence, decide the issues de novo, or substitute the court's judgment for that of the Commissioner. Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999). In other words, the court is to defer

---

[21] See Tr. 243.

[22] See Tr. 282. Plaintiff misread the diagnostic form of another provider, citing it as diagnosing Plaintiff with schizophrenia, disorganized type, which it did not. See Tr. 251.

to the decision of the Commissioner as much as is possible without making its review meaningless. Id.

Little doubt exists that the ALJ's determination of Plaintiff's credibility rests solidly on Dr. Keiser's diagnosis of factitious disorder, the doctor's disbelief of the examinee's description of his symptoms, and the examinee's responses during psychological testing. Absent consideration of another individual's evaluation, the ALJ most assuredly would have elevated his view of Plaintiff's credibility.[23] Moreover, Dr. Keiser's report provided the contradictory record evidence on which the ALJ relied to discredit the medical opinions of evaluating and treating psychologists. In other words, Dr. Keiser's report negatively affected the ALJ's weighing of the evidence to Plaintiff's detriment.

As the court is not entitled to reweigh the evidence or decide the issues de novo, it cannot provide a meaningful review of the ALJ's disability determination. The court also cannot assess whether the ALJ's opinion would have been different in the absence of Dr. Keiser's report on another individual, not to mention

---

[23] Defendant cites cases in which documents were missing from the medical records under review to support the position that the remaining record in this case contains substantial evidence to support the ALJ's decision. See Doc. 8, Def.'s Brief in Support of its Mot. for Summ. J. p. 8 (citing Quintanilla v. Astrue, 619 F. Supp.2d 306, 325 (S.D. Tex. 2008); Brady v. Apfel, 41 F. Supp.2d 659, 668 (E.D. Tex. 1999). Those cases differ from this case in that the concern here is that the ALJ and medical consultants relied heavily on the wrong individual's evaluation, not merely that Plaintiff's evaluation is missing. This is a far different situation than that in Brady, where the court specifically found that "the missing documents [were] immaterial to the ALJ's decision." Brady, 41 F. Supp. at 668.

whether Dr. Keiser's report of Plaintiff's evaluation included information that would have further changed the balance of evidence.

The court finds that this case should be remanded so that the record may be fully developed to include Dr. Keiser's report of Plaintiff's evaluation, which the ALJ must consider in relation to the other medical evidence.  The court **RECOMMENDS** that Plaintiff's motion be **GRANTED** and Defendant's motion be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 2nd day of March, 2018.

_____
U.S. MAGISTRATE JUDGE