United States District Court
Southern District of Texas
**ENTERED**
November 29, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONALD ERIC SMITH, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. H-17-1120 |
| | § |
| NANCY A BERRYHILL, | § |
| ACTING COMMISSIONER OF THE | § |
| SOCIAL SECURITY ADMINISTRATION, | § |
| | § |
| Defendant. | § |

### **MEMORANDUM AND RECOMMENDATION ON ATTORNEY'S FEES**

Pending before the court[1] is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 15). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, it is **RECOMMENDED** that Plaintiff's motion be **GRANTED**.

On March 20, 2018, the court reversed the Social Security Commissioner's decision and entered final judgment remanding this action to the Social Security Administration for further proceedings consistent with the Memorandum and Recommendation, and the Order Adopting Memorandum and Recommendation.[2] On June 18, 2018, Plaintiff filed the current motion for attorney fees under

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 5, Ord. Dated July 17, 2017.

[2] See Doc. 12, Mem. & Rec. Dated Mar. 2, 2018; Doc. 13, Ord. Adopting Mem. & Rec. Dated Mar. 20, 2018.

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[3]

Attorney's fees may be awarded under the EAJA to a party who has prevailed in an action, provided that the application for fees was submitted in timely fashion and no special circumstances make such an award unjust. United States v. Truesdale, 211 F.3d 898, 908 (5th Cir. 2000). It is undisputed that Plaintiff is a prevailing party, as the court found that the ALJ's decision required reversal after he erroneously considered another claimant's medical records in denying benefits.[4] See Martin v. Heckler, 754 F.2d 1262, 1264 (5th Cir. 1985).

The EAJA permits cost-of-living adjustments to the attorney's hourly rate. 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests the court award attorney's fees adjusted for inflation and in accordance with the Consumer Price Index of the Houston-Galveston-Brazoria region. The court agrees that the local index is the appropriate index to be applied in this case. See Hamblen v. Colvin, 14 F. Supp.3d 801, 808-09 (N.D. Tex. 2014); Benoit v. Astrue, No. H-07-2939, 2008 WL 3928026, at *1 (S.D. Tex. Aug. 27, 2008)(unpublished). Defendant does not challenge the requested hourly rate after adjustment is $193.54.

Defendant does challenge the reasonableness of several line items billed by Plaintiff's counsel. Defendant has the burden of

---

[3] See Doc. 15, Pl.'s Mot. for Atty's Fees.

[4] See Doc. 14, Final J.

showing substantial justification for its position to reduce a plaintiff's counsel's fees.  See Baker v. Bowen, 839 F.2d 1075, 1080 (5th Cir. 1988).

First, Defendant contests the reasonableness of 9.75 hours to review the file and organize the administrative transcript in light of counsel's presumed knowledge of the file from his representation of Plaintiff before the Commissioner.  Defendant argues that five hours is the maximum that should be awarded.  The court agrees that 9.75 hours is on the outer limits of reasonableness but cannot find that it is unreasonable.  The court will not reduce this line item.

Defendant argues that Plaintiff's counsel's charge of 3.75 hours to prepare and file the present fee application is excessive and that the court should only allow two hours of time for the fee application.  The court does not find this time to be excessive.

Defendant also contests 3.75 hours to prepare the complaint in this action, which contained only basic facts about the administrative proceedings and also included an in forma pauperis petition.  The Defendant asks that this item be reduced to one hour.  The court does not find that the amount billed is unreasonable.  The court concludes that the requested 30.75 hours of time to be reasonable.

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for fees is **GRANTED** in the amount of $5,951.35.  Payment of fees should be made payable to Plaintiff, and his attorney, William

Herren and mailed to his attorney, William Herren, 6363 Woodway, Suite 825, Houston, Texas 77057.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically or by mail.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 29th day of November, 2018.

_____
U.S. MAGISTRATE JUDGE